OPINION

JOHN C. GARRETT, Justice.
This matter comes before this Court on Appellant’s Appeal of an order issued by the Honorable C. Bart Fite, District Judge, filed of record March 14, 2014 in case number CV-2012-523. Jurisdiction is pursuant to the Constitution of the Cherokee Nation (1999), Article VIII and Rule 51 of the Rules of the Supreme Court.

FACTUAL AND PROCEDURAL HISTORY

The Appellant, Anita Ward, was employed by the Cherokee Nation Home *334 Health as a personal care aid. Ms. Ward claims that she sustained a chemical inhalation injury while acting within the course and scope of her employment. Ms. Ward claims that she was cleaning a client’s bed side commode using bleach to sanitize, then Ms. Ward poured the bleach into the bathroom toilet but did not flush the toilet. Ms. Ward returned to the bedroom for approximately five to ten minutes then returning to the bathroom where she poured a toilet bowl cleaner “The Works” into the toilet, which she claims caused a chemical reaction. Thus causing her to suffer an injury to her upper respiratory tract including her nose, throat, and lungs. Ms. Ward claims she was in good health prior to the date of the incident, March 27, 2009.
Ms. Ward reported to work Monday, March 20, 2009 reporting the incident which occurred on Friday, March 27, 2009. Ms. Ward sought medical treatment at the NEO Health Clinic in Tahlequah, Oklahoma; subsequently receiving treatment from three different doctors. On October 26, 2010 Ms. Ward was examined by Robert Paul, M.D. as a result of this examination Dr. Paul opined that the patient had sustained no permanent partial disability as a result of the exposure. As a result of this finding Hudson Insurance Company denied any further medical treatment or prescription medications.
The matter was submitted for arbitration on October 4, 2013 wherein the arbitrator awarded 10% whole-man impairment to the lower respiratory tract and 5% whole-man impairment to the upper respiratory tract.

APPEAL TO THE DISTRICT COURT

The Appellee, Cherokee Nation, filed a timely appeal of the arbitrator’s ruling dated October 4, 2012. On March 14, 2014 The Honorable Judge Fite issued an Order reversing the arbitrator’s award finding that:
(1) Claimant’s treating physician utilized the incorrect edition of the American Medical Association Guidelines for the Evaluation of Permanent Impairment.
(2) That the award is not supported by the competent evidence that the combination of bleach and “The Works” cleaning fluid utilized by the claimant emits chlorine gas which could have caused the Claimants chemical bronchitis.

APPEAL TO THE SUPREME COURT

Appellant, Anita Ward, has filed a timely appeal to this Court, asking for a review of the District Court’s reversal of the Arbitrator’s Order dated October 4, 2012. The Appellant presents three issues for this Court to address. They are as follows:
(1) That the District Court’s finding that the Claimant’s consultive examining physician utilized the incorrect edition of the American Medical Association guidelines for the evaluation of permanent impairment.
(2) The District Court’s finding that the Arbitrator’s Award was not supported by competent evidence is in error and is against the clear weight of the evidence.
(3) The District Court’s finding that “no evidence that the of bleach and “The Works” cleaning fluid utilized by the Claimant emits chlorine gas which could have caused the Claimant’s chemical bronchitis.
The Court will address propositions two and three first since they are dispositive of this case. After review of the transcripts it appears that no scientific evidence was presented to show that the combination of bleach and “The Works” emits chlorine *335 gas. The Appellee by way of Dr. Robert Paul presented evidence that through his testing procedure the above mentioned combination did not produce chlorine gas.
Based on the evidence presented this court finds that the ruling of the District Court should be affirmed.
As to proposition one, this becomes a moot issue in this case. Herein suffice to say that Title 85 § 2(16) of the Workers Compensation Act of the Cherokee Nation says:
16. “Impairment” means an anatomical or functional abnormality, as determined by the health-care provider approved by the employer existing after the date of maximum medical improvement based on objective medical evidence evaluated in accordance with the most recent edition of the American Medical Association’s guide to the evaluation of permanent impairment or comparable publications of the American Medical Association existing at the time of the health-care providers’ determination. This term shall not include stress-related and mental health issues unless accompanied by injury.
Clearly that means the most recent edition of the American Medical Association guide must be utilized, in this case that would be the sixth edition.

CONCLUSION

This Court having examined all of the pleadings as well as the transcript of the arbitration hearing finds that the Order and Findings of the District Court are affirmed.
Concurring: TROY WAYNE ROTEETE, Chief Justice, ANGELA JONES, Justice, LYNN BURRIS, Justice.